IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DEMETRIUS LERONE SPRINGS,**
    Plaintiff,

vs.                                          Case No.: 5:08cv366/SPM/MD

**T. KNIGHT, et al.,**
    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis* (doc. 15), has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 20). Upon review of the amended complaint the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded

do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff's amended complaint claims that defendant Captain T. Knight, a prison official at Washington Correctional Institution, violated plaintiff's due process rights under the Fourteenth Amendment when he placed plaintiff on strip cell restriction without first counseling with or notifying plaintiff, in retaliation for plaintiff filing a grievance. (Doc. 10, pp. 5-7). Plaintiff states that as a result of being on strip cell restriction, he was deprived of medical care for swelling to his face caused by a different officer on a prior occasion when that officer "made a move with an area steel door slamming my face into it resulting that my foreface [sic] bled and obviously left perminant [sic] black scarr [sic]." (*Id.*, p. 8). As relief, plaintiff seeks a "settlement" in the sum of $17,000.00, plus punitive damages of no less than $50,000.00. (*Id.*, p. 9).

The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). This § 1983 action brought by plaintiff is a "Federal civil action"

under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody. Plaintiff's due process and retaliation claims are based solely on violations of the constitutional rights themselves and allege no physical injury caused by defendant Knight's conduct. Although plaintiff complains of a swollen face, his allegations establish that that injury was the result of another officer's conduct on a different occasion. Plaintiff does not allege that defendant Knight's placement of him on strip cell restriction without advance notice directly caused a physical injury. *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999) (holding that "in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001).

     As plaintiff is presently prohibited by § 1997e(e) from bringing his damages claims, this suit should be dismissed without prejudice.[1]  *See Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) (holding that the district court has authority to *sua sponte* dismiss a complaint without prejudice under § 1997e(e)) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

---

[1] The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

*Case No: 5:08cv366/SPM/MD*

**Accordingly, it is respectfully RECOMMENDED:**

**That this cause be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

**At Pensacola, Florida this 12th day of March, 2009.**

/s/ *Miles Davis*
 **MILES DAVIS
 UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**